## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JAMES E. MUIR                              :
                                           :
     Plaintiff                       :
                                           :
     v.                              :       Civil Action No.  RDB-07-3004
                                           :
CITY OF FREDERICK                          :
                                           :
     and                             :
                                           :
ROSEMARY MCDERMOTT                         :
                                           :
     Defendants                      :

. . . . . . .o0o. . . . . .

### MEMORANDUM

Before the Court is a *pro se* civil rights complaint filed by James E. Muir alleging denial of due process, deprivation of access to the marital home, abuse of police powers, and harassment against the City of Frederick and Rosemary McDermott.  Plaintiff requests injunctive relief and damages. Upon review of the Complaint, the Court will dismiss the complaint *sua sponte* for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P.12(b)(6).

## I.  Background

Plaintiff's claims arise from an incident on November 6, 2005.  According to Plaintiff, he and his wife Cynthia Muir were in divorce proceedings.[1]  On April 22, 2005, Cynthia Muir obtained a protective order against Plaintiff in the District Court of Maryland for Frederick County.  The order was later extended to October 28, 2005.  On November 6, 2005, after the order had expired, Plaintiff contacted the Frederick City Police Department to request that an officer accompany him to the marital home after Cynthia Muir, on the advice of her divorce attorney Rosemary McDermott,

---

[1] Plaintiff states that he and Cynthia Muir were granted a divorce on August 25, 2006, in the Circuit Court for Frederick County.

refused him access.

The Police Officers met Plaintiff at the home and informed him that he had ten minutes to pick up any personal items in the house, but he could not "check on the condition of the marital home. "Plaintiff states that Officer Samantha Crane then had a discussion with Rosemary McDermott *via* cell phone.  Officer Crane informed Plaintiff that "he did not have standing in the marital home and could not have access to the home at any time."  Plaintiff states that Cynthia Muir informed the officers that there was a legal separation agreement in place and asked them to enforce the trespassing law.   According to Plaintiff, no separation agreement was in place on that date. After Officer Crane and Officer Donald Linares escorted Muir outside the home, Officer Crane said to Plaintiff "What part of this do you not understand? You will be arrested for trespassing unless you depart this residence." She informed Plaintiff if he was found later at the home he would be arrested for trespassing.

Plaintiff states that he later received a letter from the Frederick City Police Department's Professional Standards Division stating that the officers could have handled the situation better. Complaint, ¶ 23.   Plaintiff also states that he has met with representatives from the Office of the Frederick County State's Attorney and the Federal Bureau of Investigation concerning the incident. Plaintiff indicates that on August 29, 2006, he received a telephone call from Kim Dine, Chief of Police, Frederick County Police Department, during which Chief Dine offered an apology.  Plaintiff later received a letter of apology from Chief Dine for the officers' actions.  Plaintiff complains that the City of Frederick has "failed to adequately apologize" for the Police Department Actions and that he feels "frightened and threatened by the sight [of] Frederick County Officers." Complaint.

## II. Analysis

In order to state a civil rights claim under 42 U.S.C. § 1983, Plaintiff must allege that the

conduct about which he complains was committed by a person acting under the color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *See* 42 U.S.C. §1983[2]; *see also  West v. Atkins*, 487 U.S. 42, 48 (1988).  Rosemary McDermott, his former wife's divorce attorney, was not acting under the color of state law. *See Polk v. Dodson,* 454 U.S. 312, 317-24. *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). For this reason, Rosemary McDermott is not amenable to suit and will be dismissed as a party defendant.

To bring a claim in federal court,  Plaintiff must allege a deprivation of a right secured by the Constitution or the laws of the United States. The Court is mindful that Plaintiff is a *pro se* litigant and has accorded the pleading liberal construction.  *See Gordon v. Leeke*. 574 F.2d. 1147, 1151 (1978).  "Principles requiring generous construction of *pro se* complaints are, however, not without limits."  *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278  (4th Cir. 1985).  Courts are not required to "conjure up questions never squarely presented to them." *Id*.

 This complaint fails to specify facts sufficient to support a federally cognizable cause of action. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 390- 91 (4th Cir.1990).  Plaintiff was not arrested, and was given reasonable, limited access to the marital home under the circumstances. Plaintiff provides no factual basis to demonstrate why he now feels harassed, threatened or intimidated by Frederick County Police more than two years after the incident.  Further, Plaintiff

---

[2] Title 42 U.S.C. §1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United Sates or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

does not state why he believes he was denied due process. For these reasons, the facts alleged do not substantiate a viable claim of constitutional magnitude.  Absent  sufficient factual predicate,  the case cannot proceed, and will be dismissed without prejudice.  *See Sado v. Leland Memorial Hospital,* 933 F. Supp. 490, 493 (D. Md.).  A separate order shall be entered.


November 9, 2007                           /s/
Date                                                      RICHARD D. BENNETT
                                                          UNITED STATES DISTRICT JUDGE